■ GENEVA SIMMONS et al., Appellants, v ROBERT RICKS,
Appellant, and DONALD FOX, Doing Business as MR. FOX'S
TIRE, Respondent, et al., Defendant. (Appeal No. 3.)—Appeal
by plaintiff Grover Simmons unanimously dismissed. Judg-
ment in favor of defendant Donald Fox, doing business as Mr.
Fox's Tire, unanimously reversed on the law without costs and
new trial granted, in accordance with the following memoran-
dum: Plaintiff Geneva Simmons was injured on May 29, 1982
in Mr. Fox's Tire garage when she was struck by a car owned
by defendant Baxter and driven by defendant Ricks. She
commenced an action against Mr. Fox's Tire, Baxter, and
Ricks, alleging that Ricks and Mr. Fox's were negligent, and
that Baxter was vicariously liable for Ricks' negligence be-
cause he had given Ricks his consent to drive the car. The
jury held only Ricks responsible for plaintiff's injuries and
awarded her $10,000.

The court erred in refusing to admit hearsay testimony of
statements made by Mr. Fox's employees after the accident.
Eric Fox testified that all employees had authority to direct
vehicles into the garage. The hearsay statements of Mr. Fox's
employees concerning directing Ricks to drive into the garage
were admissible against Mr. Fox's as excited utterances. Ad-
missibility is not dependent upon the fact of agency; these
statements are admissible to the same extent as if made by a
person not an agent (see, Richardson, Evidence § 291 [Prince
10th ed]). The proof at trial indicated that there was a general
state of confusion in the garage following the accident, when
the hearsay statements were made. We find that "the sur-
rounding circumstances reasonably justify the conclusion that
the remarks were not made under the impetus of studied
reflection" (People v Brown, 70 NY2d 513, 519). Since the
verdicts against Ricks and Mr. Fox's could have been affected
by the foregoing error, the issues of liability and damages
must be retried as to both of them (see, Figliomeni v Board of
Educ., 38 NY2d 178; Hogue v Wilson, 51 AD2d 424; Mercado v
City of New York, 25 AD2d 75).

Accordingly, plaintiff Geneva Simmons is entitled to a new
trial against Ricks and Mr. Fox's Tire. Since plaintiff Grover
Simmons failed to perfect his appeals, they are dismissed.
(Appeal from judgment of Supreme Court, Erie County, Wolf-
gang, J.—negligence.) Present—Dillon, P. J., Callahan, Green,
Pine and Lawton, JJ.