■ SHARON TYRRELL, Respondent, v WAL-MART STORES, INC., Appellant. [719 NYS2d 163] —Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Best, J.), entered September 10, 1999 in Fulton County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered July 7, 1999 in Fulton County, which, *inter alia*, denied defendant's motion to set aside the verdict.

On May 6, 1994, plaintiff injured her right knee when she slipped and fell on a jelly-like substance in defendant's department store located in the Town of Johnstown, Fulton County. The jury returned a verdict in plaintiff's favor totaling $103,000. Plaintiff's complaint sought damages in the sum of $49,000. Supreme Court denied defendant's motion to set aside the verdict as against the weight of the evidence or, in the alternative, to set aside the damages as excessive, and granted plaintiff's motion to increase the amount of the ad damnum clause of the complaint. Defendant now appeals from Supreme Court's rulings on the aforesaid motions and the judgment.

The principal issue raised by defendant on this appeal is the admissibility of a hearsay statement allegedly made by an employee of defendant to the effect that "I told somebody to clean this mess up." Specifically, defendant argues that this state-

---

ment was inadmissible hearsay since plaintiff failed to establish that the statement was made within the scope of the employee's authority, assuming that the declarant was an employee of defendant. In finding the statement admissible, Supreme Court relied upon a finding that the employee had authority to speak on behalf of defendant and that the statement was part of the res gestae. It is well settled that for a plaintiff to prevail in this type of case, the evidence must establish that the defendant either created the allegedly dangerous condition or had actual or constructive notice of the condition (*see, Tkach v Golub Corp.*, 265 AD2d 632, 633; *Collins v Grand Union Co.*, 201 AD2d 852). The hearsay statement of an employee is not admissible against an employer as an admission, unless the proponent of the statement can demonstrate that the admission was made within the scope of the employee's authority (*see, Loschiavo v Port Auth.*, 58 NY2d 1040, 1041; *Tkach v Golub Corp.*, *supra*, at 634; *George v Big V. Supermarkets*, 258 AD2d 438, 439). Since plaintiff failed to establish that the alleged employee had the authority to speak on behalf of defendant, Supreme Court incorrectly ruled that the hearsay statement was admissible on this basis.

However, since we agree with Supreme Court that the statement of the alleged employee was part of the res gestae, the statement was properly admitted. According to the trial testimony, immediately after plaintiff fell, she was assisted by her husband, another customer and the alleged employee of defendant, who at that time made the statement. Spontaneous declarations, made contemporaneously with or immediately after a startling event, are generally admissible as part of the res gestae exception to the hearsay rule (*see, People v Caviness*, 38 NY2d 227, 231-232). Admissibility of a spontaneous declaration is first entrusted to the Trial Judge (*see, People v Norton*, 79 NY2d 808, 809), and since this record contains no evidence to suggest that the statement was anything other than a spontaneous declaration, i.e., it was not the product of studied reflection, Supreme Court properly admitted the statement (*see, Simmons v Ricks*, 149 AD2d 914; *Bransfield v Grand Union Co.*, 24 AD2d 586, *affd* 17 NY2d 474; *see also*, Prince, Richardson on Evidence § 8-604, at 638 [Farrell 11th ed]). Moreover, the admissibility of such declaration is not dependent on the fact of agency. It is admissible to the same extent as if made by a person not an agent (*see, Simmons v Ricks*, *supra*, at 914).

We have examined the balance of defendant's contentions and find them to be unpersuasive. Since the hearsay statement

of the alleged employee was properly admitted, Supreme Court correctly denied defendant's motion to set aside the verdict, predicated as it was upon defendant's assertion that plaintiff was unable to prove that defendant had the requisite notice of the slippery condition (*see, Dumont v Griswold Co.*, 246 AD2d 879; *Collins v Grand Union Co.*, 201 AD2d 852, *supra*; *Browne v Big V Supermarkets*, 188 AD2d 798, *lv denied* 81 NY2d 708). Further, we find no reason to disturb the jury's determination regarding the amount of damages since the award does not deviate materially from reasonable compensation (*see*, CPLR 5501 [c]; *Duncan v Hillebrandt*, 239 AD2d 811, 813), particularly in view of plaintiff's uncontroverted evidence of permanency. Nor is there any merit to defendant's contention that Supreme Court improperly authorized an increase to the ad damnum clause of plaintiff's complaint. Leave to amend a pleading is freely granted under CPLR 3025 (b) unless the opponent establishes the existence of prejudice (*see, State of New York v Super Value*, 257 AD2d 708, 711, *lv denied* 93 NY2d 815). Defendant's claim of prejudice associated from its inability to remove this case to Federal court is insufficient to demonstrate the kind and extent of prejudice sufficient to preclude amendment. Defendant makes no showing that the ability to defend was in any way hindered or that the trial itself was manifestly unfair.

Peters, Rose and Lahtinen, JJ., concur.

Crew III, J. P. (concurring in part and dissenting in part). I agree with the majority that plaintiff failed to establish that the employee in question had authority to speak on behalf of defendant and, accordingly, Supreme Court incorrectly ruled that her hearsay statement was admissible as an admission against defendant's interests. Where I disagree with the majority is with their conclusion that the statement of the employee nevertheless was admissible because it constituted part of the res gestae.

As has been noted, the term res gestae is quite amorphous and presently is considered to encompass four distinct exceptions to the hearsay rule: declarations of present bodily condition, declarations of present mental state, excited utterances and declarations of present sense impressions (*see*, 6 Wigmore, Evidence § 1767, at 253-256 [Chadbourn rev 1976]; McCormick, Evidence § 288, at 686 [2d ed]; Fisch, New York Evidence § 994, at 569 [2d ed]). As correctly observed by the majority, the statement before us could only be considered as an exception to the hearsay rule under the excited utterance or, as the majority refers to it, the spontaneous declaration excep-

tion. However, in *Loschiavo v Port Auth.* (86 AD2d 624, *affd* 58 NY2d 1040), the Second Department explicitly ruled that statements made by an employee who assisted a victim after a fall did not come within the excited utterance exception to the hearsay rule. On appeal to the Court of Appeals, the entire first point of the plaintiffs' brief was devoted exclusively to the excited utterance exception to the hearsay rule and the proposition that the employee's statement was admissible under that exception. While the Court of Appeals did not expressly address that argument in its opinion, its affirmance of the Second Department's determination implicitly rejected use of the excited utterance exception in such circumstances (*accord*, *Sherman v Tamarack Lodge*, 146 AD2d 767, 768, *lv denied* 74 NY2d 613). Accordingly, I would reverse Supreme Court's judgment and order and grant defendant's motion to set aside the verdict. Ordered that the judgment and order are affirmed, with costs.