# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-IA-01372-SCT

*WAL-MART SUPER CENTER AND BESAM, INC.*

*v.*

*EVA LONG*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/21/2001 |
| TRIAL JUDGE: | HON. JAMES B. FLOYD, III |
| COURT FROM WHICH APPEALED: | LEE COUNTY COURT |
| ATTORNEYS FOR APPELLANTS: | W. O. LUCKETT, JR. |
| | ROBERT M. TYNER, JR. |
| | J. KEITH PEARSON |
| ATTORNEYS FOR APPELLEE: | LEROY D. PERCY |
| | GRAY TOLLISON |
| | GARY L. CARNATHAN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AND REMANDED - 06/26/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE PITTMAN, C.J., WALLER AND CARLSON, JJ.

## PITTMAN, CHIEF JUSTICE, FOR THE COURT:

¶1. Eva Long filed a complaint in the County Court of Lee County against Wal-Mart Super Center (Wal-Mart) seeking $75,000 for injuries she suffered in an accident involving a mechanical door. Over a year later, she requested leave to increase the ad damnum clause from $75,000 to $750,000; to transfer jurisdiction to the circuit court; and to add additional defendants. The trial court granted leave to amend and transferred the case to circuit court.

The county court's order was stayed, and this Court granted the defendants permission to file this interlocutory appeal, see M.R.A.P. 5., which presents two issues: (1) whether the county court erred by granting leave to amend; and (2) do county courts have the authority to transfer cases to the circuit court. This Court affirms and remands.

## FACTS

¶2.    On August 30, 1998, Long suffered a broken hip after she was allegedly struck by an automatic door at the Wal-Mart Super Center in Tupelo. She filed suit on July 20, 2000 in the County Court of Lee County seeking $75,000 damages.[1]  Wal-Mart filed a third-party complaint against Besam, Inc., the manufacturer of the automatic-door.  (We will refer to Wal-Mart and Besam collectively as "Wal-Mart".)

¶3.    On July 27, 2001, Long requested leave to amend the ad damnum clause of her complaint, to join the store's manager as an additional defendant, and to transfer the matter to circuit court. A telephonic hearing was conducted on August 17, 2001.  Opposing the request, Wal-Mart argued that because it was not sought until after the expiration of the one-year deadline for removal to federal court, Long delayed her request in an effort to prevent them from exercising their right to removal.[2]  They submitted that this was a "classic example of forum manipulation" and that because they may not now seek removal, they would suffer actual prejudice if the decision granting the amendment is affirmed.

---

[1] Controlling in the instant matter is Miss. Code Ann. § 9-9-21 (2002), which limits the jurisdiction of county courts to matters not exceeding $75,000 in value.  Effective July 1, 2003, the Legislature extended such jurisdiction to include matters not exceeding $200,000 in value.  H.B. 973, 2003 Miss. Laws ch. 429.

[2] 28 U.S.C. § 1446(b) prohibits removal of a diversity action one year from the commencement of the action.

¶4. Long argued that the amendment would not prejudice Wal-Mart's defense. Counsel for Long insisted that there was no dilatory motive or bad faith for the delay and assured the court that the delay was unintentional.

¶5. Ultimately, the county court held that the delay did not cause Wal-Mart to suffer actual prejudice. The county court granted Long's request to amend the ad damnum clause and ordered the matter transferred to circuit court, who would have to decide whether to allow the store manager to be joined.

## STANDARD OF REVIEW

¶6. Motions for leave to amend a complaint are left to the sound discretion of trial court. *Moeller v. Am. Guar. & Liab. Ins. Co.*, 812 So.2d 953, 961 (Miss. 2002) (citing *Preferred Risk Mut. Ins. Co. v. Johnson*, 730 So.2d 574 (Miss. 1998)(collecting authorities)). The Court reviews such determinations under an abuse of discretion standard. *Moeller*, 812 So.2d at 961 (collecting authorities). Unless convinced that trial court abused its discretion, the Court is without authority to reverse. *Id.*

¶7. Although the trial court has discretion to allow an amendment, and should do so freely under the proper circumstances, it should not allow amendment when to do so would prejudice the defendant. *Johnson*, 730 So.2d at 579; *Hester v. Bandy,* 627 So.2d 833, 839 (Miss.1993).

## ANALYSIS

I. **DID THE COUNTY COURT ERR IN ALLOWING THE PLAINTIFF TO AMEND HER COMPLAINT?**

3

¶8.    The first issue is whether the Wal-Mart suffered "actual prejudice" after Long was allowed to amend her complaint. This requires the Court to consider what bearing the federal right to removal has on the state's policy to freely allow amendments.

¶9.    Although never alleged by Long, the trial court granted leave based on new medical bills. Wal-Mart stresses that no additional medical treatment has been needed and that virtually all medical treatment relating to the accident occurred in the years 1998 and 1999, well before the filing of the original complaint.  Wal-Mart submits that this finding is erroneous.

¶10.    Further, Wal-Mart argues that Long should have known the nature and extent of her damages but chose to file in county court.  The only change in circumstances, Wal-Mart points out, is the appearance of Gray Tollison, counsel for the Long.

¶11.    Counsel for Long attributes the delay to his recent association in the case and that it was not until his evaluation that it was discovered the actual medical damages exceeded $80,000.  Wal-Mart emphasizes that Long had been represented by competent counsel, Gary L. Carnathan, who is still participating, and that, Tollison's evaluation was based on no new information.

¶12.    The rule regarding amendments is clear.  Leave to amend should be freely granted whenever justice so requires. Miss. R. Civ. P. 15 cmt.. *See also* **Moeller**, 812 So.2d at 962. Amendments should be denied only if they "would cause *actual prejudice* to the opposite party." **Id.** (emphasis added). *See also* **TGX Intrastate Pipeline Co. v. Grossnickle**, 716 So.2d 991, 1011 (Miss. 1997).  Applications for leave to amend pleadings should be prompt and not the result of an inexcusable want of diligence. **Id.** at 1011; **William Iselin & Co.**

4

*v. Delta Auction & Real Estate Co.*, 433 So.2d 911, 913 (Miss. 1983) (cited in *Natural Mother v. Paternal Aunt*, 583 So.2d 614, 617 (Miss. 1991)). *See also* V. A. Griffith, Mississippi Chancery Practice § 392, at 378 (2d ed. 1950).

¶13.    Amendments which are permitted in the latter stages of litigation may deny the important policy favoring finality of judgments and the expeditious termination of litigation. *William Iselin & Co.,* 433 So.2d at 911.  Thus, the policy to freely grant amendments is not allowed to encourage delay, laches and negligence. *Id.*  Examples of when motion to amend may be prejudicial include: where it would burden the adverse party with more discovery, preparation, and expense, particularly where the adverse party would have little time to investigate and acquaint itself with the matter. *Id*. (cited in *Natural Mother*, 583 So.2d at 617). *See also* **Grossnickle**, 716 So.2d at 1011.

¶14.    Surprisingly, only one court has specifically addressed whether the loss of the federal right to remove an action causes a defendant to suffer actual prejudice. *Tyrrell v. Wal-Mart Stores Inc.*, 719 N.Y.S.2d 163 (N.Y. App. Div. 2000), *rev'd on other grounds,* 762 N.E.2d 921 (N.Y. 2001).  In *Tyrrell*, a jury returned a verdict in favor of a plaintiff which exceeded the damages sought in the complaint. *Tyrrell*, 770 A.D.2d at 770.  The defendant appealed after the judge granted plaintiff's motion to increase the ad damnum clause. *Id.* The defendant argued that the trial court improperly authorized the plaintiff to amend the complaint. *Id.* at 772.  Because the defendant failed to show that the ability to defend was in any way hindered or that the trial was manifestly unfair, the court held that the inability to remove the case was insufficient to demonstrate the kind and extent of prejudice to preclude the amendment. *Id.*

5

¶15.    Wal-Mart's argument is premised on the fact that, as originally filed, the case was not removable.  However, a closer examination of the original complaint and a review of federal law reveals that they are mistaken.

¶16.    First, the federal courts allow defendants to remove a case even though the damages alleged by a plaintiff are less than the federal jurisdictional amount.[3]  In such circumstances, the Fifth Circuit adopted the "preponderance of evidence" standard.  *De Aguilar v. Boeing Co.*,47 F.3d 1404 (5th Cir. 1995)*(De Aguilar II)*.

¶17.    In *De Aguilar II*,  the relatives of victims of a plane crash filed a wrongful death action in state court and alleged damages less than jurisdictional limit.  *De Aguilar II,* 47 F.3d at 1408. Concerned that plaintiffs may engage in manipulative and "creative" pleading in bad faith, the court applied the "legal certainty test" as set forth in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). 47 F.3d at 1409-11.  "In order for a federal court to decline jurisdiction, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* at 1409. The Fifth Circuit stated:

> [w]e hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint. Such a rule is necessary to avoid the sort of manipulation that has occurred in the instant case.

*Id.* at 1411.

---

[3] To invoke diversity of citizenship jurisdiction, the value of the matter in controversy, exclusive of interest and costs, must exceed $75,000.  28 U.S.C. § 1332.

> [T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount].

*Id.* at 1412.

> Once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint.

*Id.*

¶18.    As an illustration of a "legal certainty", the court suggested a party opposing removal file a binding stipulation or affidavit with the complaint. *Id.* at 1412 (citing ***In re Shell Oil Co.***, 970 F.2d 355 (7th Cir. 1992)).[4]

¶19.    Concerned about the difficulty defendants have in satisfying their burden under the "legal certainty test," the United States District Court for the Southern District of Mississippi discussed how a defendant can ascertain that the case has become removable. ***McLain v. Am. Int'l Recovery, Inc.***, 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998). The court stated:

> [If] defense counsel believes that the damages are in excess of the [jurisdictional limit], the defendant can have the case properly removed utilizing state court discovery rules. Specifically, the defense lawyer can have the plaintiff admit through a deposition, an interrogatory, or a request for admission that his damages do not exceed $75,000.

---

[4] Arguing that ***De Aguilar II*** is not controlling, the dissent cites ***Allen v. R & H Oil & Gas Co.***, 63 F.3d 1326 (5th 1995) and ***Harris v. Benham Group***, 2002 WL 31050999 (N.D. Miss. 2002). We note that both cases cite ***De Aguilar II*** and that ***Allen*** applied the principles and held similarly.

*Id.* at 631.

¶20.    In the instant case, Wal-Mart's argument that the case was not removable is incorrect.  Based on *De Aguilar II*, Wal-Mart could have sought removal.  However, they did not seek to exercise their right provided under federal law. Had they been more diligent, Long would have been required to stipulate whether the amount in controversy would exceed $75,000.  Our reliance on *De Aguilar II* is to rebut Wal-Mart's argument that matter was not removable.

¶21.    We note that Wal-Mart still may have its day in federal court.  Until recently, the federal courts were less strict in the enforcement of the amount in controversy requirement, in comparison to the one-year deadline on removal provided under 28 U.S.C. § 1446(b).  But in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003), the Fifth Circuit reaffirmed the applicability of equitable tolling where a plaintiff has attempted to manipulate the statutory rules.  *Id.* at 428-29.  The court stated:

> Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit...[The Plaintiff's] forum manipulation justifies application of an equitable exception in the form of estoppel. In enacting § 1446(b), Congress intended to "reduc[e] opportunity for removal after substantial progress has been made in state court."  Congress may have intended to limit diversity jurisdiction, but it did not intend to allow plaintiffs to circumvent it altogether. Strict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction.

*Id*. at 426-27 (footnotes omitted).  Thus in *Tedford*, it is apparent that the Fifth Circuit has developed its own methods for policing forum manipulation.

¶22. This Court holds that the amended complaint does not cause Wal-Mart to suffer actual prejudice. Wal-Mart knew the state's policy on amended pleadings. Based on the original complaint, Wal-Mart could have sought removal. Nevertheless, Wal-Mart chose not to protect its federal statutory right of removal and now requests the Court to oblige. This Court is not the guardian for the jurisdiction of the federal courts.

¶23. Wal-Mart has not shown how its ability to defend was hindered or how a trial in state court would be manifestly unfair. Therefore, the county court did not abuse its discretion in granting leave to amend.

**II.  DID THE COUNTY JUDGE ERR IN GRANTING THE MOTION TRANSFERRING THE CASE TO CIRCUIT COURT?**

¶24. Miss. Code Ann. § 9-9-21 governs the jurisdiction of county courts.[5] Wal-Mart argues that under § 9-9-21 county courts do not have the authority to transfer a case to circuit courts by granting an amendment that effectively divests itself of jurisdiction. The Court disagrees.

¶25. As previously noted, leave to amend should be freely granted. Such a policy should not be hindered by the limited jurisdiction of the county courts. Accordingly, we find that county courts have the authority to grant an amendment even though by doing so it will divest itself of jurisdiction and require the matter to be transferred to either the chancery or

---

[5] (1) The jurisdiction of the county court shall be as follows: It shall have jurisdiction concurrent with the justice court in all matters, civil and criminal of which the justice court has jurisdiction; and it shall have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Seventy-five Thousand Dollars ($75,000.00), and the jurisdiction of the county court shall not be affected by any setoff, counterclaim or cross-bill in such actions where the amount sought to be recovered in such setoff, counterclaim or cross-bill exceeds Seventy-five Thousand Dollars ($75,000.00). Provided, however, the party filing such setoff, counterclaim or cross-bill which exceeds Seventy-five Thousand Dollars ($75,000.00) shall give notice to the opposite party or parties as provided in Section 13-3-83, and on motion of all parties filed within twenty (20) days after the filing of such setoff, counterclaim or cross-bill, the county court shall transfer the case to the circuit or chancery court wherein the county court is situated and which would otherwise have jurisdiction.

Miss. Code Ann. § 9-9-21(1) (2002).

circuit courts. Such authority is incidental M.R.C.P. 15's policy to freely allow leave to amend and in accordance with the policy to provide complete remedy.

## CONCLUSION

¶26. We find that the decision to grant leave to amend does not cause the Wal-Mart to suffer actual prejudice. Further, we find that the county court has the power transfer an action to chancery or circuit court. This power is incidental to the policy to freely allow amendments to pleadings and the policy favoring a complete remedy. Therefore, we affirm the county court's order and remand this case for further proceedings consistent with this opinion.

¶27. **AFFIRMED AND REMANDED.**

**McRAE, P.J., WALLER, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. SMITH, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY COBB, J.**

**SMITH, PRESIDING JUSTICE, DISSENTING:**

¶28. In my view the County Court of Lee County abused its discretion when it granted Long leave to amend her complaint thus causing Wal-Mart to suffer "actual prejudice." Miss. R. Civ. P. 15 cmt. *See also TGX Intrastate Pipeline Co. v. Grossnickle*, 716 So. 2d 991, 1001 (Miss. 1997); *Hester v. Bandy,* 627 So. 2d 833, 839 (Miss. 1993); *William Iselin & Co. v. Delta Auction Real Estate Co.*, 433 So. 2d 911, 913 (Miss. 1983); *Saxon v. Harvey*, 190 So.2d 901 (Miss.1966); 6 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure, Civil § 1481 (1990). Because of Long's delay in amending, Wal-Mart was unable to seek federal removal under 28 U.S.C. § 1446(b). If Long's original

11

complaint had stated a claim greater than $75,000, Wal-Mart could have availed itself of its right to federal removal in this case based on diversity jurisdiction. However, since under 28 U.S.C. §§ 1332 & 1441(b), the damage claim must be in excess of $75,000, Wal-Mart could not remove this case to federal court when the original complaint was filed. Instead of amending her complaint before the one year deadline passed, she waited until 7 days after the deadline to increase her damages from $75,000 to $750,000.

¶29.    The requested amendment, whether intentional or not, is a clear example of forum manipulation. Even if not an intentional attempt to manipulate the forum, the appearance of manipulation is too great based on the circumstances surrounding this case and the resulting extreme prejudice to Wal-Mart. Long appears to have manipulated her pleadings to initially file in state court and wait a year before increasing her claims for damages.

¶30.    There are certain limits on permitting amendments. A failure of full justice on the merits can occur when leave to amend is not granted, however:

> it is [also] true that good faith and a reasonable diligence are expected of parties in equity and of their solicitors, and that every party when he comes into court will in the first instance unfold his whole case or defense in accordance with the rules that govern the pleadings and proceedings therein.

Miss. R. Civ. P. 15 cmt. An application to amend should not be granted when the applicant does not meet the standard of due diligence. *See Natural Mother v. Paternal Aunt*, 583 So. 2d 614, 617 (Miss. 1991); *William Iselin*, 433 So. 2d at 913. In this case, I believe the amendment was requested after an inexcusable and calculated delay.

¶31.    In *Natural Mother*, this Court held that a plaintiff must exercise due diligence when filing a motion to amend the complaint. 583 So. 2d at 617 (citing *William Iselin & Co.*, 433

12

So. 2d at 913); *see also* ***Grossnickle***, 716 So. 2d at 1011. The grant of an amendment can cause the adverse party to incur additional discovery, preparation and expense, particularly when that party would have little time to investigate and become acquainted with the new matter. ***Natural Mother***, 583 So. 2d at 617. *See also* ***Grossnickle***, 716 So. 2d at 1011.

¶32.    In ***Red Enterprises, Inc. v. Peashooter, Inc***.,  455 So.2d 793 (Miss. 1984) (quoting ***Foman v. Davis***, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)), we agreed that the rules require the leave to be freely granted but only when it appears to the lower court that there is no unjust apparent or declared reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment, etc." ***Id.***

¶33.    The majority points to ***De Aguilar v. Boeing Co.***, 47 F.3d 1404 (5th Cir. 1995)(***De Aguilar II)***, as Fifth Circuit precedent which would have allowed Wal-Mart to  have filed in federal court despite Long's originally alleged amount in controversy.  In ***De Aguilar II***, the Fifth Circuit announced that the defendant need only show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. ***Id.***  at 1412.    However, ***De Aguilar II*** also states that to some extent, the plaintiff is "still the master of his own claim." ***Id.*** (citations omitted).   The defendant must produce evidence that shows that the actual amount in controversy exceeds the jurisdictional amount provided the plaintiff has not shown that she is "legally certain" her recovery will not exceed the amount stated in the complaint. ***Id.  De Aguilar II*** describes  how a plaintiff might meet the legal certainty test by citing a state law which prohibits recovery in excess of the ad damnum

13

clause. *Id.* However, without such a statute, "litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *Id.* (citing *Guance v. St. Paul Mercury,* 488 U.S. 488 U.S. 950, 109 S.Ct. 38, 102 L.Ed.2d 372 (1988); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)). In effect, this ruling requires plaintiffs to show that they are bound irrevocably by their state pleadings. *Id.*

¶34. There is good reason for the majority's overlooking or not citing subsequent cases. In my view, the following cited federal cases from Mississippi are more on point and controlling here. In *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995), a Mississippi case, the court points out that removal cannot be based on conclusory allegations. *Id.* at 1335 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). The jurisdictional amount must be judged at the time of removal with post-removal affidavits allowed only if relevant to that period of time. *Id.* at 1135-36. If when looking at the complaint, the amount sought by the plaintiff is not "facially apparent," the district court may determine that the amount in controversy exceeds the jurisdictional amount. *Id*. ¶35.

Additionally, *McClain v. American Intern. Recovery, Inc*., 1 F. Supp. 2d 628 (S.D. Miss. 1998), is a solid example of the problem with the majority's reasoning based on *De Aguilar II.* The *McClain* court stated that "until a defendant receives in writing, a statement that suggests that a plaintiff plans to seek more than $75,000 in damages, the case is not removable to federal court" *Id.* at 631. The problems exist because "[e]ven if a defendant asks a plaintiff to stipulate that the damages are below the jurisdictional amount, if the plaintiff refuses to stipulate, the case cannot be removed based solely on this refusal." *Id.* *Harris v. Benham Group*, 2002 WL 31050999 (N.D. Miss. 2002), also lends support to my

14

departure from the majority. Unless the defendant can meet its burden, the plaintiff may avoid federal diversity jurisdiction by pleading, in *good faith*, state court damages below the required jurisdictional amount. *Id.* at 1.

¶36. In this case, Long's original complaint specifically alleged an amount in controversy less than the jurisdictional amount. Whether or not made in good faith, Long's complaint did not give the federal court jurisdiction. Long's amendment should have been denied as unjust since Wal-Mart has suffered actual prejudice. Therefore, I would reverse county court's order granting Long leave to amend and transferring this case to circuit court, and I would remand this case for further proceedings in the County Court of Lee County.

¶37. For these reasons, I respectfully dissent.

**COBB, J., JOINS THIS OPINION.**