# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-IA-00059-SCT

*RAM-KABIR OF AMERICA, LLC d/b/a HOLIDAY*
*INN EXPRESS & SUITES*

*v.*

*S.C. ANDERSON GROUP INTERNATIONAL d/b/a*
*ANDERSON GROUP INTERNATIONAL*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/23/2014 |
| TRIAL JUDGE: | HON. EDWIN Y. HANNAN |
| TRIAL COURT ATTORNEY: | ADAM REESE deNOBRIGA |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PAUL MANION ANDERSON |
| | SAMUEL STEVEN McHARD |
| ATTORNEYS FOR APPELLEE: | MATTHEW WILLIAM VANDERLOO |
| | CLYDE X. COPELAND, III |
| | ADAM REESE deNOBRIGA |
| | HIRAM RICHARD DAVIS, JR. |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 09/08/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. S.C. Anderson Group International, Inc. ("AGI") filed two motions–one for leave to amend its complaint and one to transfer to the Circuit Court of Madison County. The County Court of Madison County granted AGI's motion to transfer based on AGI's averments and argument that it was seeking more in damages than it originally pleaded, specifically an increase in attorney's fees. If the amendment were allowed, the *ad damnum* clause would exceed the $200,000 jurisdictional limit of the county court. Based on the facts and record

presented in today's case, we hold that the jurisdiction of the county court attached at the time the original complaint was filed. We reverse the transfer order. We remand the case to the circuit court with instructions to transfer AGI's claims against Ram-Kabir of America, LLC, back to the county court.[1]

## STATEMENT OF PROCEEDINGS BELOW

¶2. Although this proceeding has numerous contested facts, what is uncontested is that at the time AGI filed its complaint, AGI pleaded that the amount in controversy was $171,073.63, plus attorney's fees in Counts I and III, and up to $171,073.63, with no claims for attorney's fees, in alternative Counts II and IV.[2]

¶3. In AGI's motions for leave to amend its complaint and transfer and at the hearing set for same, AGI prayed to increase the *ad damnum* clause and seek an undetermined increase in attorney's fees, while seeking no increase for the underlying claim. AGI argued that jurisdiction in the county court would be defeated by granting leave to amend the complaint. Ram-Kabir contested both motions, arguing that the county court could not be stripped of its jurisdiction based upon subsequent events and that the motion to amend was untimely and in violation of an agreed scheduling order. After receiving argument and without granting the motion to amend the *ad damnum* clause, the county court transferred the case to the

---

[1] The claim presently is pending in the Madison County Circuit Court.

[2] The counts alleged in the complaint are breach of contract (Count I), quantum meruit (Count II), enforcement of construction lien (Count III), and declaratory judgment (Count IV).

2

Madison County Circuit Court. Ram-Kabir filed an interlocutory appeal of that order, which this Court granted.[3]

## ANALYSIS

¶4.     It is well-established that jurisdiction is a question of law, which we review de novo. ***Derr Plantation, Inc. v. Swarek***, 14 So. 3d 711, 715 (Miss. 2009). "Jurisdiction is decided based on the existing facts at the time the action is commenced." ***Bronk v. Hobson***, 152 So. 3d 1130, 1132 (Miss. 2014) (quoting ***Joshua Properties, LLC v. D1 Sports Holdings, LLC***, 130 So. 3d 1089, 1092 (Miss. 2014)). "To determine whether a court has subject matter jurisdiction, we look to the face of the complaint, examining the nature of the controversy and the relief sought." ***RAS Family Partners v. Onnam Biloxi, LLC***, 968 So. 2d 926, 928 Miss. (2007). We refer to Section 9-9-21 of the Mississippi Code for all cases brought in county court. County courts ". . . shall have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Two Hundred Thousand Dollars ($200,000.00). . . ." Miss. Code Ann. § 9-9-21 (Rev. 2014). In this action, jurisdiction attached when AGI elected to file its complaint in county court for an amount within the jurisdictional limit of $200,000. It sought damages for time and material in the amount of $171,073.63.[4]

---

[3] *See* M.R.A.P. 5.

[4] In addition to the time and material claim, AGI prayed for "pre- and post-judgment interest, statutory late payment penalty, attorney's fees, costs, and expenses." Alternatively, in Count II, it requested "unjust enrichment/quantum meruit for the fair and reasonable value of the work provided by Contractor, plus pre- and post-judgment interest, statutory late

3

¶5. AGI argued to the trial court, and the trial court agreed that ***Walmart Super Center v. Long***, 852 So. 2d 568 Miss. (2003) controlled. ***Walmart***, an outlier, is readily distinguishable. The first issue addressed by the ***Walmart*** Court was whether Wal-Mart "suffered 'actual prejudice' after Long was allowed to amend her complaint, requiring the Court to consider what bearing the federal right to removal has on the state's policy to freely allow amendments." *Id.* at 570. A significant distinction from today's case is that the county court granted Long's motion to amend the ad damnum clause. *Id.* at 570. This did not occur in the case sub judice. Additionally, the ***Walmart*** Court devoted almost its entire analysis to this issue and the standard of review before opining that an abuse-of-discretion standard should apply. *Id.* Our standard of review in the case sub judice is de novo. Wal-Mart argued that Long's attempt to amend the complaint after the expiration of the one-year time limit on removal was a "'classic example of forum manipulation'" which would result in actual prejudice in preventing Walmart from exercising its right to removal. *Id.* No claim of forum manipulation has been identified in the case sub judice. Long argued that there was "no dilatory motive or bad faith for the delay and assured the court that the delay was unintentional." *Id.* Collectively, none of these claims, arguments, or issues is present in the matter before the Court today.

¶6. The pronouncement in ***Walmart*** answering whether county courts have "the authority to transfer a case to circuit courts by granting an amendment that effectively divests itself of jurisdiction," was made without overruling or citing any of our caselaw *Id.* at 574. That

_____

payment penalty, costs and expenses." Neither Count II or Count IV requested attorney's fees.

record and the facts which precipitated that decision are not present in the case sub judice (a point conceded by AGI at the hearing before the trial court). We reject AGI's argument that it is compelling authority in today's case, given that our caselaw, spanning more than 140 years, is contrary.

¶7.     In 1930, this Court held that "the jurisdiction of the court is determined and fixed by the amount demanded in the original suit. . . . [T]he criterion of jurisdiction is the amount of damages claimed." ***Cont'l Cas. Co. v. Crook***, 157 Miss. 518, 128 So. 574, 577 (1930). In ***Catchot v. Russell***, 160 Miss. 330, 134 So. 140 (1931), that Court, relying on cases decided as far back as 1876, held:

> the principal amount in controversy in determining whether jurisdiction is in the circuit court or the court of a justice of the peace *is ascertained as of the date of the filing of the suit*, and that the attorney's fee, provided for in the contract, or note, is a part of the said principal amount, and may be calculated on the demand, augmented by the interest to the date the suit was filed; and if the attorney's fee, *thus ascertained*, added to the face of the note, excluding interest, is in excess of $200, the circuit court has jurisdiction of the cause.

***Catchot***, 134 So. at 142 (emphasis added). In ***Barnes v. Rogers***, 206 Miss. 887, 41 So. 2d 58 (1949),[5] the Court held:

> In 21, C.J.S., Courts, § 54(b), page 64, we find the rule stated to the effect that *the jurisdiction of a court is determined by the amount  in controversy at the time when the court is first called on to exercise jurisdiction*, which in the trial court is the amount claimed at the time when the suit is filed, and in the same volume at page 143, § 93, we find it stated that it is well established as a general rule that *jurisdiction once acquired is not defeated by subsequent events, even though they are of such a character as would have prevented jurisdiction from attaching in the first instance*.

---

[5] We note that Ram-Kabir did bring this case and its progeny to the attention of the trial court during the hearing.

*Barnes*, 206 Miss. at 893-94, 41 So. 2d at 60 (emphasis added). That rule remains the general rule today. *See Jefferson v. State*, 556 So. 2d 1016, 1021 (Miss. 1989); *Williams v. State*, 459 So. 2d 777, 779 (Miss. 1984); *Bynum v. State*, 222 Miss. 632, 637, 76 So. 2d 821, 823 (1955)). *See also* 20 Am. Jur. 2d *Courts* §§ 96, 102, 104 (2015); 21 C.J.S. *Courts* §§ 32, 98 (2015). Moreover, the Court has held that "'interest is a thing that is always growing,' and *costs are steadily increasing in the progress of a cause*, if this jurisdiction does not exist to-day, it may to-morrow. . . . '[I]t is not proper' that a jurisdiction, 'now become important, should be fluctuating.'" *Jackson v. Whitfield*, 51 Miss. 202, 206 (1875) (emphasis added).

¶8.     Ram-Kabir's focus on *Horton v. White*, 254 So. 2d 188 (1971), *superseded by statute as recognized by* *Hobbs Automotive, Inc. v. Dorsey*, 914 So. 2d 148 (Miss. 2005), is unavailing. While the *Horton* Court did rely on the rule that jurisdiction, once acquired, cannot be defeated by subsequent events, *Horton* is distinguishable. The issue in *Horton* was:

> the county courts of Mississippi are without jurisdiction to entertain counterclaims in excess of the jurisdictional limit of $10,000 and, therefore, the judgment of the county court could not be res adjudicata of the merits of the controversy and the plea in bar was wrongfully sustained by the court below.

*Id.* at 189. The case sub judice does not involve counterclaims. Therefore, *Horton* is not controlling.

¶9.     In today's case, jurisdiction attached when AGI elected to file its complaint in county court. Jurisdiction cannot be divested by upwardly fluctuating attorney's fees. The County

Court of Madison County was not divested of jurisdiction and erred in transferring the case to circuit court. This claim must be transferred back to that court.

> The court which first exercises its jurisdiction acquires exclusive jurisdiction to proceed in the case, even though other courts in the same state have concurrent jurisdiction in the matter. Its authority continues until the matter is completely disposed of and no other court of concurrent jurisdiction can interfere with proceedings.

20 Am. Jur. 2d *Courts* § 83 (2015).

## CONCLUSION

¶10.   The jurisdiction of the County Court of Madison County attached when AGI filed its complaint. That court's jurisdiction was not divested by AGI's claim that its damages were increasing since the filing of the complaint. Therefore, we reverse the county court's order transferring this case to circuit court, and we remand this case to the Circuit Court of Madison County with instructions to transfer AGI's claims as to Ram-Kabir back to the County Court of Madison County for further proceedings consistent with this opinion.

¶11.   **REVERSED AND REMANDED.**

**WALLER, C.J., LAMAR, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. KITCHENS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., LAMAR, KING, MAXWELL AND BEAM, JJ. DICKINSON, P.J., NOT PARTICIPATING.**

**KITCHENS, JUSTICE, SPECIALLY CONCURRING:**

¶12.   I agree with the majority's holding that the accrual of additional attorney fees since the filing of the complaint did not divest the County Court of Madison County of jurisdiction. As the majority explains, this Court has held that, generally, the jurisdiction of the county

7

court, "once acquired is not defeated by subsequent events, even though they are of such a character as would have prevented jurisdiction from attaching in the first instance." ***Barnes v. Rogers***, 206 Miss. 887, 894, 41 So. 2d 58, 60 (1949). I write separately to emphasize that, because the county court does have jurisdiction over this matter, that court is empowered to decide whether to award the attorney fees now claimed by S.C. Anderson Group International (AGI), and if so, in what amount.

¶13. In ***Barnes***, the county court ordered a sale of property for division of proceeds, and the property was sold for $1,200. ***Id.*** at 891, 41 So. 2d 59. But at the time of the sale, the jurisdictional limit of the county court was $1,000. ***Id.*** In its final decree, the county court found that the value of the property fixed in the original bill of complaint had been $1,000, but that the discovery of oil near the land since the bill was filed had increased the land's value to $1,200. ***Id.*** The final decree confirmed the land sale and directed the delivery of the deed to the buyer. ***Id.*** This Court rejected a jurisdictional challenge to the county court's entry of the final decree on the ground that "the jurisdiction of a court is determined by the amount in controversy at the time when the court is first called on to exercise jurisdiction" and, generally, "jurisdiction, once acquired, is not defeated by subsequent events, even though they are of such a character as would have prevented jurisdiction from attaching in the first instance." ***Id.*** at 893-94; 41 So. 2d at 60. The Court held that, because the original bill of complaint had alleged the land's value would not exceed $1,000 and the increase in its value had occurred after the bill of complaint was filed, the final decree was valid, and the deed had vested valid title in the buyer. ***Id.***

¶14. As in **_Barnes_**, in this case, the original complaint made a good faith allegation of damages within the jurisdictional limit of the county court, but events that occurred during the litigation caused the damages to increase beyond the jurisdictional limit. Here, the amount of attorney fees increased during the approximately one year of litigation.[6] It has been held that "if the original petition is within the jurisdictional limits, but an amendment increases the amount in controversy above the court's jurisdictional limits, the court continues to have jurisdiction if the additional amount accrued because of the passage of time." **_Rodney R. Elkins & Co. v. Immanivong_**, 406 S.W.3d 777, 779 (Tex. App. 2013). This is particularly apt in the case of attorney fees that cannot be calculated on the date the complaint is filed. *Cf.* **_Surf Cottages Homeowners Ass'n, Inc. v. Janel Associates, Inc_**., 826 A.2d 818, 819 (N.J. Super. Ct. App. Div. 2003) (holding that attorney fees that cannot be calculated at the time the complaint is filed are not included in the amount in controversy that determines the court's jurisdictional limit). Indeed, an estimate of the attorney fees required to bring the case to resolution depends on many factors ordinarily incapable of calculation at the time the complaint is filed. **_Immanivong_**, 406 S.W.3d at 779-80. The Supreme Court of New Jersey has observed:

> What amount of counsel fees will be incurred as a result of the twists and turns of litigation is not ascertainable at [the beginning of the litigation]. Those fees will accrue as the case proceeds and will indeed not even be calculable until the judgment is entered. Thus, for example, a plaintiff expecting a quick and inexpensive adjudication of his or her consumer complaint may incur hefty fees as a result of a hard fought defense by a well-heeled defendant . . . .

---

[6] AGI argues that its attorney fees increased beyond its initial expectations after Ram-Kabir raised a new defense that its agents had exceeded the scope of their authority.

9

*Lettenmaier v. Lube Connection, Inc.*, 741 A.2d 591, 596 (N.J. 1999).

¶15.    The accrual during the litigation of attorney fees not capable of calculation when the complaint was filed distinguishes this case from *Wal-Mart Super Center v. Long*, 852 So. 2d 568 (Miss. 2003). In *Wal-Mart*, Long filed a personal injury claim in county court seeking $75,000 in damages. *Id.* at 569. More than a year later, she moved to amend the complaint to increase the damages claim to $750,000. *Id.* Long asserted that she had hired new counsel, whose evaluation of the case revealed that Long's damages were ten times what had been alleged in the original complaint. *Id.* at 571. The county court granted the amendment and transferred the case to circuit court on the ground that the damages claimed exceeded the county court's jurisdictional limit. *Id.* at 570. This Court affirmed the county court's actions, holding that "county courts have the authority to grant an amendment even though by doing so [the court] will divest itself of jurisdiction and require the matter to be transferred to either the chancery or circuit courts." *Id.* at 574. Unlike this case, in *Wal-Mart* the increased damages were not attorney fees that had accrued due to the passage of time since the original complaint was filed. Rather, in *Wal-Mart*, the additional claimed damages were actual damages the plaintiff had incurred before filing the original complaint. Thus, in *Wal-Mart*, the amount in controversy alleged in the original complaint was incorrect, and the case properly was transferred to circuit court.

¶16.    Because the good faith allegations of AGI's original complaint placed this controversy squarely within the jurisdictional limit of the county court, that court retains jurisdiction over

10

this case, and it is empowered to award the attorney fees that have accrued during the litigation.

**WALLER, C.J., LAMAR, KING, MAXWELL AND BEAM, JJ., JOIN THIS OPINION.**