KITCHENS, JUSTICE,
SPECIALLY CONCURRING:
¶12. I agree with the majority’s holding that the accrual of additional attorney fees since the filing of the complaint did not divest the County Court of Madison County of jurisdiction. As the majority explains, this Court has held that, generally, the jurisdiction of the county court, “once acquired is not defeated by subsequent events, even though they are of such a character as would have prevented jurisdiction from attaching in the first instance.” Barnes v. Rogers, 206 Miss. 887, 894, 41 So.2d 58, 60 (1949). I write separately to emphasize that, because the county court’ does have jurisdiction over this matter, that court is empowered to decide whether to award the attorney fees now claimed by S.C. Anderson Group International (AGI), and if so, in what amount.
¶13. In Barnes, the county court ordered a sale of property for division of proceeds, and the property was sold for $1,200. Id. at 891, 41 So.2d at 59. But at the time of the sale, the jurisdictional limit of the county court was $1,000, Id. In its final decree, the county court found that the value of the property fixed in the original bill of complaint had been $1,000, but that the discovery of oil near the land "since the bill was filed had increased the land’s value to $1,200. Id. The final decree confirmed the land sale and directed the delivery of the deed to the buyer. Id. This Court rejected a jurisdictional challenge to the county court’s entry- of the final decree on the ground that “the jurisdiction of a court is determined by the amount in controversy at the time when the court is first called on to exercise jurisdiction” and, generally, “jurisdiction, once acquired, is not defeated by subsequent events, even though they are of such a character as would have prevented jurisdiction from attaching in the first instance,” Id. at 893-94, 41 So.2d at 60. The Court held that, because the original bill of complaint had alleged the land’s value would not exceed $1,000 and the increase in its value had occurred after the bill of complaint was filed, the final decree was valid, and the deed had vested valid title in the buyer. Id.
¶14, As in Barnes, in this case, the original complaint made a good faith allegation of damages within the jurisdictional limit of the county court, but events that occurred during the litigation caused the damages to increase beyond the jurisdictional limit. Here, the amount of attorney fees increased during the approximately one year of litigation.[6] It has been held that “if the original petition is within the jurisdictional limits, but an,amendment increases the amount in controversy above the court’s jurisdictional limits, the court continues to have jurisdiction if the additional amount accrued because of the passage of time.” Rodney R. Elkins & Co. v. Immanivong, 406 S.W.3d 777, 779 (Tex.App.2013). This is particularly apt in the case of attorney fees that cannot be calculated on the date the complaint is filed. Cf. Surf Cottages Homeowners Ass’n, Inc. v. Janel Associates, Inc., 362 N.J.Super. 70, 826 A.2d 818, 819 (N.J.Super.Ct.App.Div.2003) (holding that attorney fees that cannot be calculated at the time the complaint is filed are not included in the amount in controversy that de *1245 termines the court’s jurisdictional limit). Indeed, an estimate of the attorney fees required to bring the case to resolution depends on many factors ordinarily incapable of calculation at the time the complaint is filed. Immanivong, 406 S.W.3d at 779-80. The Supreme Court of New Jersey has observed:
What amount of counsel fees will be incurred as a result of the twists and turns of litigation is not ascertainable at [the beginning of the litigation]. Those fees will accrue as the case proceeds and will indeed not even be calculable until the judgment is entered. Thus, for example, a plaintiff expecting a quick and inexpensive adjudication of his or her consumer complaint may incur hefty fees as a result of a hard fought defense by a well-heeled defendant ....
Lettenmaier v. Lube Connection, Inc., 162 N.J. 134, 741 A.2d 591, 596 (1999).
¶15. The accrual during the litigation of attorney fees not capable of calculation when the complaint was filed distinguishes this case from Wal-Mart Super Center v. Long, 852 So.2d 568 (Miss.2003). In Wal-Mart, Long filed a personal injury claim in county court seeking $75,000 in damages. Id. at 569. More than a year later, she moved to amend the complaint to increase the damages claim to $750,000. Id. Long asserted that she had hired new counsel, whose evaluation of the case revealed that Long’s damages were ten times what had been alleged in the original complaint. Id. at 571. The county court granted the amendment and transferred the case to circuit court on the ground that the damages claimed exceeded the county court’s jurisdictional limit. Id. at 570. This Court affirmed the county court’s actions, holding that “county courts have the authority to grant an amendment even though by doing so [the court] will divest itself of jurisdiction and require the-matter to be transferred to either the chancery or circuit courts.” Id. at 574. Unlike this case, in Wal-Mart the increased damage's were not attorney fees that had accrued- due to the passage of time since the original complaint was filed. Rather, in Wal-Mart, the additional claimed damages were actual damages the plaintiff had incurred before filing the.original complaint. Thus, in Wal-Mart, the amount in controversy alleged in the original complaint was incorrect, and the case properly was transferred to circuit court.
•¶16. Because the good faith allegations of AGI’s original complaint placed this controversy squarely within the jurisdictional limit of the county court, that court retains jurisdiction over this case, and it is empowered to award the attorney fees that have accrued during the litigation.
WALLER, C.J., LAMAR, KING, MAXWELL AND BEAM, JJ., JOIN THIS OPINION.

. AGI argues that its attorney fees increased beyond its initial expectations after Ram-Ka-bir raised a new defense that its agents had exceeded the scope of their authority.