Mills **WHITLEY, et ux, Billie Whitley, Appellants,**

v.

**Arthur Lee MORNING, et ux, Mrs. Arthur Lee Morning, Appellees.**

No. 12–90–00347–CV.

Court of Appeals of Texas, Tyler.

Aug. 9, 1991.

J.B. Sallas, Sallas, Meriwether & Pemberton, Crockett, for appellants.

B.N. Tucker, Jr., Special Prison Prosecution Unit, Huntsville, for appellees.

COLLEY, Justice.

This is an appeal from an order dismissing plaintiffs/appellants' suit against defendants/appellees for conversion of timber cut and removed from appellants' lands. The court granted appellees' plea to the jurisdiction by which appellees alleged that the matter in controversy exceeded "the jurisdictional limits of [the] court."

Appellants argue that the court erred in dismissing the suit because the matter in controversy did not exceed the monetary limits of the county court. In this regard, appellants, by their live pleadings (third amended original petition), sought damages in the total sum of $4,500, plus "reasonable attorney's fees."

TEXAS CONSTITUTION art. 5, section 1 provides:

Section 1.

The judicial power of this state shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justice of Peace, and in such other courts as may be provided by law. The Legislature may establish such other courts as it may deem necessary and proscribe the jurisdiction and organization thereof, and may conform the juris-

diction of the district and other inferior courts thereto.

In 1971, the Texas Legislature enacted the former TEX.REV.CIV.STAT.ANN. art. 1970a.[1] The provisions of that article are now contained in subsection (c) of section 25.0003, which reads:

(c) A statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in civil cases in which the matter in controversy exceeds $500 but does not exceed $5,000, exclusive of interest.

TEX.GOVT CODE ANN. §§ 25.1151 and 25.1152 (Vernon 1988), specifically applicable to the County Court at Law of Houston County, in no way conflict with section 25.0003. Therefore, the monetary jurisdictional limits of the County Court at Law of Houston County are controlled by section 25.0003. Hence, the narrow question for decision is, whether the matter in controversy exceeded "$5,000, excluding interest." We conclude that it did not. Appellants' failure to allege the specific amount of the attorney's fees sought did not deprive the trial court of jurisdiction in this case. *Cf. Peek v. Equipment Service Co. of San Antonio*, 779 S.W.2d 802, 804 (Tex.1989). In *Peek*, the Supreme Court, reaffirming and quoting from *Pecos and Northern Texas R.R. Company v. Rayzor*, 106 Tex. 544, 548, 172 S.W. 1103, 1105 (1915), said, "[i]n any doubtful case all intendments of the plaintiff's pleading will be in favor of the jurisdiction." *Peek*, 779 S.W.2d at 804. The *Peek* court further declared that "[u]nless it is clear from the pleads that the court lacks jurisdiction of the amount in controversy, it should retain the case." *Id.* (citation omitted). The *Peek* court also quoted *Smith v. Texas Improvement Company*, 570 S.W.2d 90, 92 (Tex.Civ.App.—Dallas 1978, no writ), with approval.

Relying on the above authority, we sustain appellants' second point of error, reverse the judgment of dismissal and re-

**1.** Act of May 31, 1971, ch. 915, § 1, 1971 Tex. Gen'l.Laws 2814, repealed by Act of April 30, 1987, ch. 148, § 4.02(a), 1987 Tex.Gen'l.Laws 703, now codified as TEX.GOVT CODE ANN. § 25.-0003 (hereinafter referred to as "Section 25.-0003").

mand the case for further proceedings consistent with this opinion. It is so ordered.