**Reverse and Remand; Opinion Filed July 24, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00292-CV**

**RODNEY R. ELKINS & CO., Appellant**
**V.**
**UNO IMMANIVONG, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-5262-C**

## OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Evans

This is an appeal from a county court order dismissing Rodney R. Elkins & Co.'s lawsuit against Uno Immanivong for lack of subject matter jurisdiction. Appellant contends the county court, sitting in its appellate capacity, had jurisdiction over the case because the amount in controversy did not exceed $10,000 when the action was filed in the justice of the peace court. Appellant also complains he was denied the opportunity to be heard on the motion to dismiss before it was granted by the court. We conclude that the county court erred in dismissing the suit because the amount of damages specifically pleaded in the justice court were within its jurisdictional limits and there was no evidence the allegations were fraudulently made to confer jurisdiction. Accordingly, we reverse the dismissal order and remand the cause to the county court for further proceedings consistent with this opinion.

Appellant sued appellee in justice court to recover $8,416.26 in unpaid legal fees, interest, and necessary attorney's fees in an unspecified amount. The justice court granted appellant's motion for summary judgment and rendered a final judgment in its favor for $13,550.27. Appellee appealed the judgment to the county court. Appellee then filed a motion in county court to dismiss the suit for lack of jurisdiction arguing that when appellant filed its original petition in justice court, it was clear the amount of attorney's fees would be over $1,583.74 and, thus, the amount in controversy exceeded the justice court's $10,000 jurisdictional limit. The county court granted appellee's motion to dismiss after a hearing at which appellant did not appear; it appeared one and one-half hours later. The court later denied appellant's motion to set aside the dismissal order. This appeal ensued.

Whether a court has subject matter jurisdiction is a question of law that we review de novo. *See Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (plea to the jurisdiction); *U. Lawrence Boze' & Assoc., P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 23 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (motion to dismiss for lack of subject matter jurisdiction). Where, as here, the jurisdictional challenge is based on the amount in controversy, the plaintiff's pleadings are generally determinative unless the defendant specifically alleges and proves the amount was pleaded merely as a sham for the purpose of wrongfully obtaining jurisdiction or can readily establish that the amount in controversy does not fall within the court's jurisdictional limits. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex. 2000); *Hoffman v. Cleburne Bldg. & Loan Ass'n*, 22 S.W.154, 155 (Tex. 1893); *Delk v. City of Dallas*, 560 S.W.2d 519, 520 (Tex. App.—Texarkana 1977, no writ). When the petition does not affirmatively demonstrate the absence of jurisdiction, the petition should be liberally construed in favor of jurisdiction. *Garza v. Chavarria*, 155 S.W.3d 252, 255 (Tex. App.—El Paso 2004, no pet.). Moreover, if the original petition is within the jurisdictional

limits, but an amendment increases the amount in controversy above the court's jurisdictional limits, the court continues to have jurisdiction if the additional amount accrued because of the passage of time. *Continental Coffee Products Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996).

Pursuant to statute, the justice court has original jurisdiction of civil matters in which exclusive jurisdiction is not in the district or county court and in which the amount in controversy is not more than $10,000 exclusive of interest. TEX. GOV'T CODE ANN. § 27.031(a)(1) (West Supp. 2012). When a case originally filed in justice court is appealed to the county court, the county court's appellate jurisdiction is restricted to the jurisdictional limits of the justice court, because a county court has no jurisdiction over the appeal unless the justice court had jurisdiction. *Crumpton v. Stevens*, 936 S.W.2d 473, 476 (Tex. App.—Fort Worth 1996, no writ); *see Childress Oil Co. v. Wood*, 111 Tex. 165, 166, 230 S.W. 143 (1921) ("If the Justice Court is without jurisdiction there can be no jurisdiction in the County Court. While the case is tried de novo in the County Court, its power is not original. The case is there only in virtue of the appeal. With this true, its power to determine it on the appeal cannot exist if the original tribunal had no power to consider it.").

In this case, appellant's pleadings in the justice court sought damages in the amount of $8,416.26 plus interest and "reasonable and necessary attorney fees."[1] There is nothing in the record to indicate that appellant specifically pleaded an amount that was outside the jurisdictional amount of the justice court and, therefore, the appellate jurisdiction of the county court. In fact, at least one court has held that when a plaintiff pleads damages in an amount that is within the jurisdictional limit plus reasonable attorney's fees in an unspecified amount, the court has jurisdiction. *See Whitley v. Morning*, 814 S.W.2d 537, 538 (Tex. App.—Tyler 1991,

---

[1] The amount of interest is expressly excluded for purposes of calculating the amount of controversy for jurisdictional purposes. TEX. GOV'T CODE ANN. § 27.031(a)(1).

no writ) (pleading seeking $4,500 in damages plus "reasonable attorney's fees" did not exceed court's jurisdictional limit of $5,000).

On appeal and in the court below, appellee has argued it was "unrealistic and disingenuous" for appellant to presume the attorney's fees in this case would be limited to $1,583.74—the difference between the $10,000 jurisdiction limit and $8,419.26 in actual damages pleaded, exclusive of interest. There is nothing in the record indicating the amount of attorney's fees that had accrued at the time the petition was filed. Appellee contends, however, there was too much legal work to do to complete the case for $1,583.74. But appellee has cited no case, and we have found none, that would require plaintiff to estimate the amount of future attorney's fees required to bring the case to conclusion for purposes of calculating the amount in controversy. As appellant points out, such an estimate depends on many factors including whether the defendant answers the petition. In fact, the pleading of attorney's fees on appeal to county court in an amount greater than original jurisdiction does not deprive the county court of jurisdiction. *See Crumpton*, 936 S.W.2d at 477. Such fees are considered additional damages as a result of the passage of time. *Id.*

Because appellee failed to prove appellant's pleading allegations as to the amount in controversy were merely a sham for the purpose of wrongfully obtaining jurisdiction or that the amount in controversy did not fall within the court's jurisdictional limits when filed, the county court erred in granting appellee's motion to dismiss for lack of jurisdiction.

Our resolution of appellant's first issue makes it unnecessary to address its second issue. We reverse the dismissal order and remand the cause to the county court for further proceedings consistent with this opinion.

120292F.P05

                     /David Evans/
                     DAVID EVANS
                     JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODNEY R. ELKINS & CO., Appellant

No. 05-12-00292-CV      V.

UNO IMMANIVONG, Appellee

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-11-5262-C.
Opinion delivered by Justice Evans,
Justices Lang and Myers participating.

      In accordance with this Court's opinion of this date, the trial court's order dismissing this case for lack of jurisdiction is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with the opinion.

      It is **ORDERED** that appellant Rodney R. Elkins & Co. recover its costs of this appeal from appellee Uno Immanivong.


Judgment entered this 24th day of July, 2013.


/David Evans/
DAVID EVANS
JUSTICE