# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00031-CV

**Rudy Lopez, Appellant**

**v.**

**Mary Soto and Ascension Soto, Appellees**

### FROM THE COUNTY COURT OF RUNNELS COUNTY
### NO. 3109, HONORABLE BARRY HILLIARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a jury verdict in favor of Mary and Ascension Soto on a breach of contract claim, the trial court awarded the Sotos damages in the amount of $8,500, plus attorney's fees of $12,000 and prejudgment interest of $652. Rudy Lopez appeals, seeking a dismissal of the Sotos' claims, arguing the amount in controversy was above the county-court's jurisdictional limits. Subject-matter jurisdiction being a question of law, we affirm the trial court's judgment having reviewed the issue *de novo*.[1] *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

## DISCUSSION

This appeal involves a suit for damages arising from Lopez's repairs on the roof of the Sotos' home. In September 2010, the Sotos filed suit against Lopez in Runnels County Court

---

[1] The parties are familiar with the facts, procedural history, and applicable standards of review. Accordingly, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4.

for breach of contract, violations of the Deceptive Trade Practices Act, and fraud. Making only minimal changes, they later filed their first amended petition. Non-suiting their fraud claim, the Sotos proceeded to trial on the remaining causes of action. Based on the jury's findings, the trial court in November 2011 awarded the Sotos damages in the amount of $8,500 for breach of contract and attorney's fees of $12,000, plus prejudgment interest. Raising the issue for the first time in this appeal, Lopez now asserts the judgment should be reversed and the cause dismissed because the total damages award of $20,500 deprived the county court of subject-matter jurisdiction.

In civil cases in Runnels County, county courts have concurrent jurisdiction with justice courts in which the matter in controversy exceeds $200 in value but does not exceed $10,000, exclusive of interest, and concurrent jurisdiction with district courts in which the matter in controversy exceeds $500 but does not exceed $5,000, exclusive of interest. *See* Tex. Gov't Code § 26.042(a), (d). For jurisdictional purposes, attorney's fees are included in the amount in controversy. *See Johnson v. Universal Life & Accident Ins. Co.*, 94 S.W.2d 1145, 1146 (Tex. 1936).

Subject-matter jurisdiction is based on the petition's allegations about the amount in controversy. *See Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996); *see also Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex. 1967) (plaintiff's petition must state facts affirmatively showing court's jurisdiction); *Buethe v. O'Brien*, No. 03-09-00363-CV, 2010 WL 2643087, at *5 (Tex. App.—Austin June 30, 2010, no pet.) (mem. op.) (jurisdictional statute for county-courts-at-law values matter in controversy on amount of damages alleged by plaintiff). A plaintiff's petition must contain a statement that the damages sought are within the court's jurisdictional limits. Tex. R. Civ. P. 47(b). Moreover, "allegations of the plaintiff's petition must state facts which affirmatively show the jurisdiction of the court in which the action is

2

brought." *United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 402 (Tex. 2007) (quoting *Richardson,* 419 S.W.2d at 839).  However, without more, a plaintiff's failure to state the jurisdictional amount in controversy in its petition will not deprive the trial court of jurisdiction.  *See Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989) ("[W]e must presume in favor of the jurisdiction unless a lack of jurisdiction affirmatively appears on the face of the petition." (citation omitted)).

The Sotos' original and amended petitions contained the statement that "the subject matter in controversy is within the jurisdictional limits of this court"; yet, in their request for damages, the Sotos did not state a specific amount.  Instead, the Sotos alleged that, in July 2007, Lopez bid $4,250 to repair their roof; in May 2008, the two parties entered into a contract that mirrored Lopez's bid.  Additionally, the Sotos alleged that, after being informed their roof was uninsurable because it did not have decking under the layer of shingles that Lopez had installed in June 2008, they retained legal counsel who sent Lopez a letter dated June 29, 2010, demanding $8,985 in damages to replace the roof and lay proper decking.  They also requested all "reasonable and necessary attorney's fees incurred" on their behalf.

In both petitions, the allegation that the Sotos sent Lopez a letter demanding $8,985 in damages is an allegation setting forth an amount of damages within the court's jurisdictional limits.  *See* Tex. Gov't Code § 26.042(a).  These allegations do not affirmatively demonstrate an absence of jurisdiction, and a liberal construction of the pleadings in favor of jurisdiction is appropriate.  *See Continental Coffee*, 937 S.W.2d at 449; *Peek*, 779 S.W.2d at 804; *Buethe*, 2010 WL 2643087, at *4–5.

As a general rule, once jurisdiction is lawfully and properly acquired, no later fact or event can defeat the court's jurisdiction.  *See Continental Coffee*, 937 S.W.2d at 449.  If a plaintiff

3

seeks an amount of damages that is within the court's jurisdiction and also makes a claim for reasonable attorney's fees in an unspecified amount, the failure to allege the specific amount does not deprive the trial court of jurisdiction even if the fees would likely increase the amount above the court's jurisdictional limits. *See Whitley v. Morning*, 814 S.W.2d 537, 538 (Tex. App.—Tyler 1991, no writ) (request for $4,500 in damages plus "reasonable attorney's fees" did not exceed $5,000 jurisdictional limit of county court). Subject-matter jurisdiction having been lawfully and properly acquired in this case, the trial court was not deprived of jurisdiction, even though the amount of attorney's fees ultimately awarded by the jury increased the amount in controversy above the county court's jurisdictional limit. *See Continental Coffee*, 937 S.W.2d at 449; *see also Whitley*, 814 S.W.2d at 538. Lopez's single issue on appeal is overruled.

## CONCLUSION

Having overruled Lopez's only issue, we affirm the trial court's judgment.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed: July 2, 2014

4