**Reversed and Remanded; Opinion Filed August 8, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00806-CV

## HACO-ATLANTIC, INC., Appellant
## V.
## CLASSIC INDUSTRIES, L.P., Appellee

**On Appeal from the County Court At Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 18C-034**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Haco-Atlantic, Inc. appeals the county court order dismissing its case against Classic

Industries, L.P. for lack of subject matter jurisdiction. In its sole issue, Haco-Atlantic contends

the county court, sitting in its appellate capacity, erred in dismissing the case because Haco-

Atlantic's claim against Classic Industries was within the amount in controversy jurisdictional

limit of the justice court at the time it originally filed suit. Because we conclude the amount of

damages specifically pleaded in the justice court did not exceed $10,000 when the action was filed

and there was no evidence that the allegations were fraudulently made to confer jurisdiction, we

reverse the dismissal order and remand the cause to the county court. We issue this memorandum

opinion because the issues are well-settled in law. *See* TEX. R. APP. P. 47.4.

## BACKGROUND

This is a suit on a debt that was originally filed in justice court. Haco-Atlantic sued Classic Industries alleging it owed $8,168.16 for work Haco-Atlantic performed on some of Classic Industries' machinery. In its petition, Haco-Atlantic also requested $1,250 in attorney's fees for a total award of $9,418.16. The case proceeded and a discovery order was entered.[1] Haco-Atlantic then filed a motion for summary disposition seeking $8,168.16 plus $2,500 in attorney's fees. In response, Classic Industries moved to dismiss the lawsuit for lack of jurisdiction asserting the amount sought by Haco-Atlantic exceeded the justice court's $10,000 amount in controversy jurisdictional limit. The justice court denied Haco-Atlantic's motion for summary disposition, granted Classic Industries' motion, and dismissed the case without prejudice. Haco-Atlantic then filed a petition for writ of certiorari in the county court at law. In county court, Classic Industries again filed a motion to dismiss the case arguing the county court lacked jurisdiction over the case because the justice court lacked jurisdiction based on the amount in controversy. The county court agreed with Classic Industries and dismissed the case. Haco-Atlantic appeals.

## ANALYSIS

Whether a court has subject matter jurisdiction is a question of law that we review de novo. *See Harris Cnty v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018). Where, as here, the jurisdictional challenge is based on the amount in controversy, the plaintiff's pleadings are generally determinative unless the defendant specifically alleges and proves the amount pleaded was merely a sham for the purposes of wrongly obtaining jurisdiction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). In fact, when the amount in controversy alleged in the original petition is within the jurisdictional limits but is subsequently amended to increase the amount in controversy above the court's jurisdictional limits, the court retains jurisdiction if the additional

---

[1] The case was transferred from a Dallas County justice court to a Kaufman County justice court.

–2–

amount accrued because the passage of time. *See Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996); *See also Flynt v. Garcia*, 587 S.W.2d 109, 109–10 (Tex. 1979) (per curiam) (once jurisdiction is lawfully and properly acquired, no later fact or event in the particular case serves to defeat jurisdiction).

The justice court's original jurisdiction is limited to those civil matters in which exclusive jurisdiction is not in the district or county court and "in which the amount in controversy is not more than $10,000 exclusive of interest." TEX. GOV'T CODE ANN. § 27.031(a)(1). When a case originally filed in justice court is appealed to the county court, the appellate jurisdiction is also restricted to the jurisdictional limits of the justice court because a county court has no jurisdiction over the appeal unless the justice court had jurisdiction. *Rodney R. Elkins & Co. v. Immanivong*, 406 S.W.3d 777, 779 (Tex. App.—Dallas 2013, no pet.).

Here, Haco-Atlantic's petition in justice court sought damages of $8,168.16 plus attorney's fees of $1,250 which totaled $9,418.16, less than the $10,000 jurisdictional limit. There is nothing in the record to reflect the amount of damages or attorney's fees stated in the original petition were incorrect at the time the petition was filed. Moreover, the fact that its request for attorney's fees had increased to $2,500 by the time it filed its motion for summary disposition in the justice court did not defeat jurisdiction because such fees are considered additional damages as a result of the passage of time. *See Immanivong*, 406 S.W.3d at 779–80.

In reaching our conclusion we necessarily reject Classic Industries' contention that in its original petition, Haco-Atlantic pleaded damages in excess of the justice court's jurisdiction. To support its position, Classic Industries argues a statement in Haco-Atlantic's original pleading— "In this suit Plaintiff seeks monetary relief under $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees"—is an acknowledgment by Haco-Atlantic that the amount in controversy could approach $100,000. We do not construe the

above sentence as Haco-Atlantic's admission that it was seeking damages that would approach $100,000. On the contrary, the pleading explicitly requests $8,168.16 in damages and $1,250 in attorney's fees which is not only under $100,000 but also less than $10,000.

Because Classic Industries failed to establish the amount in controversy pleaded by Haco-Atlantic exceeded the justice court's amount in controversy jurisdictional limits when the case was originally filed or that Haco-Atlantic's pleading allegations regarding the amount in controversy were merely a sham for the purposes of wrongfully obtaining jurisdiction[2], the county court erred in granting Classic Industries' motion to dismiss for lack of jurisdiction. We therefore resolve Haco-Atlantic's sole issue in its favor.

## CONCLUSION

Based on the record before us, we reverse the county court's dismissal order and remand the cause to the county court for further proceedings consistent with this opinion.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

180806F.P05

---

[2] In its appellate brief, Classic Industries asserts that Haco-Atlantic knew Classic Industries had in-house counsel and had been advised by Classic employees that it disputed its claim before suit was filed. Classic Industries claims these facts support its contention that Haco-Atlantic's pleadings were a jurisdictional sham and were contained in an affidavit attached to its reply to Haco-Atlantic's response to its dismissal motion. We first note that Classic Industries' reply and the affidavits are not in our record. Classic Industries acknowledged the absence of these documents in the record in its appellate brief and indicated that it "is in the process of requesting the County Clerk supplement the record to include these documents." To date, no supplement has been filed. Nevertheless, we conclude the facts as alleged by Classic Industries are insufficient to support a finding that Haco-Atlantic's pleadings were a jurisdictional sham.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

HACO-ATLANTIC, INC., Appellant

No. 05-18-00806-CV          V.

CLASSIC INDUSTRIES, L.P., Appellee

On Appeal from the County Court At Law No. 1, Kaufman County, Texas
Trial Court Cause No. 18C-034.
Opinion delivered by Justice Partida-Kipness, Justices Whitehill and Pedersen, III participating.

In accordance with this Court's opinion of this date, the trial court's order dismissing this case for lack of subject matter jurisdiction is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Haco-Atlantic, Inc. recover its costs of this appeal from appellee Classic Industries, L.P.

Judgment entered this 8th day of August, 2019.