# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00665-CV

---

**David Matthew Prewett, Prewett Rentals Series 2752 Military LLC, Adrienne V. Prewett, Richard Coons, Jeannette Coons, Tami Jan, Ward Galbreath, Sumit Kapoor, Rachel Kapoor, Nakul Jeirath, Tasha Jeirath, Mark L. Reis, and Janis R. Reis, Appellants**

**v.**

**Canyon Lake Island Property Owners Association, Sally W. Duncan, and A. Baker Duncan, Appellees**

---

### FROM COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY
### NO. 2018CVA0217, THE HONORABLE RANDAL C. GRAY, JUDGE PRESIDING

---

## DISSENTING OPINION

Because I would reverse the county court's order granting the plea to the jurisdiction of Sally W. Duncan and A. Baker Duncan (the Duncans), I respectfully dissent.

A plaintiff's allegations in its petition of the amount in controversy control for jurisdictional purposes unless the party challenging jurisdiction either pleads and proves that the plaintiff's allegations of the amount in controversy were made fraudulently for purposes of obtaining jurisdiction or "readily" establishes that the amount in controversy does not fall within the court's jurisdictional limits. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 n.4 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see also Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 361–62 (Tex. 2000) (explaining that when issue in dispute is license or right other than damages, "the subjective value of [the things

originally sued for], if asserted in good faith, establishes jurisdiction if that value meets the requisite amount in controversy"); *Rodney R. Elkins & Co. v. Immanivong*, 406 S.W.3d 777, 778–79 (Tex. App.—Dallas 2013, no pet.) (stating that, when jurisdictional challenge is based on amount in controversy, "pleadings are generally determinative unless the defendant specifically alleges and proves the amount was pleaded merely as a sham for the purpose of wrongfully obtaining jurisdiction or can readily establish that the amount in controversy does not fall within the court's jurisdictional limits"); *Acreman v. Sharp*, 282 S.W.3d 251, 253 (Tex. App.—Beaumont 2009, no pet.) (explaining that generally amount in controversy is determined by plaintiff's petition "unless a defendant specifically alleges that the amount pled by the plaintiff is merely a sham for the purpose of wrongfully obtaining jurisdiction"); *Westbrook v. Horton*, No. 02-06-00169-CV, 2007 WL 1299247, at *2 (Tex. App.—Fort Worth May 3, 2007, no pet.) (mem. op.) (accepting pleaded allegations as to amount in controversy as true "in absence of jurisdictional evidence proving that these allegations were fraudulently made by [party] to confer jurisdiction on the district court").

Appellants alleged in their pleadings that they "seek monetary relief of $100,000 or less and non-monetary relief" and that "[t]he subject matter in controversy is within the jurisdictional limits of this court." These allegations were sufficient to establish that the amount in controversy was within the jurisdictional limits of the county court and, thus, to confer jurisdiction on the county court. *See* Tex. Gov't Code § 25.0003; *Miranda*, 133 S.W.3d at 224 n.4; *Immanivong*, 406 S.W.3d at 778–79; *see also* Tex. R. Civ. P. 47(b) (explaining that pleading that sets forth claim for relief should "include statement that the damages sought are within the jurisdictional limits of the court"); *United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 402 (Tex. 2007) (discussing compliance with Texas Rule of Civil Procedure 47(b)). Further, appellants'

2

failure to quantify the exact value of their right to rent their properties for short terms in their pleadings did not deprive the county court of jurisdiction. *See, e.g.*, *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989) (explaining that failure to state amount in controversy does not deprive trial court of jurisdiction but litigant must prove jurisdiction at trial); *see also Texas Dep't of Pub. Safety v. Barlow*, 48 S.W.3d 174, 176 (Tex. 2001) (looking to evidence before county court of value of "driving privileges" to determine amount in controversy).

In their plea to the jurisdiction, the Duncans asserted that "the amount in controversy exceeds the maximum jurisdictional limit of $200,000" and that appellants' "'Claim for Relief' in their latest amended petition of '$100,000 or less' is a sham to falsely obtain jurisdiction." Thus, the dispositive question before the county court was whether appellants' pleadings were a "sham" to confer jurisdiction. The Duncans, however, did not present evidence that would support fraudulent intent on appellants' part and instead suggested that it was possible at some point in the future that appellants combined gross receipts from short term rentals could exceed $200,000.[1] *See Weidner v. Sanchez*, 14 S.W.3d 353, 360–62 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (rejecting contention that petition was filed in bad faith and allegation that party knew or should have known that her damages exceeded jurisdictional limits of county court and concluding that nothing on face of petition or "evidence in the record prov[ed] the amount in controversy was alleged in bad faith"). This evidence in and of itself is not evidence that appellants' pleadings were a sham for the purpose of wrongfully obtaining jurisdiction. *See Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996) (concluding that trial court had jurisdiction and that "averments in the petition control" where "there [was] neither

---

[1] The Duncans' evidence was an affidavit with attached charts showing amounts of reported gross receipts in 2017 and 2018 on appellants' properties for hotel occupancy tax purposes and printouts from the VRBO website.

anything on the face of these petitions suggesting nor any evidence in the record proving the amount in controversy was fraudulently alleged"); *Immanivong*, 406 S.W.3d at 780 (concluding that county court erred in granting motion to dismiss for lack of jurisdiction because "appellee failed to prove appellant's pleading allegations as to the amount in controversy were merely a sham for the purpose of wrongfully obtaining jurisdiction"); *Sanchez*, 14 S.W.3d at 360–62; *see also Miranda*, 133 S.W.3d at 227–28 (explaining that standard generally mirrors summary judgment when party challenges jurisdictional facts and that burden is on party challenging jurisdictional facts to present evidence); *Tune*, 23 S.W.3d at 361–62 (explaining that subjective "value of the thing originally sued for," "if asserted in good faith," determines amount in controversy).

Alternatively, even if the Duncans had raised the argument in their plea to the jurisdiction that they "readily" established that the amount in controversy exceeded the county court's jurisdictional limits, I would conclude that their evidence did not do so. *See Miranda*, 133 S.W.3d at 224 n.4, 227–28; *Blue*, 34 S.W.3d at 554. In its analysis, the Court relies on the parties' stipulation and evidence concerning "gross rental revenues" or "gross rental income" from appellants' short-term rentals to conclude that the amount in controversy exceeds the county court's jurisdictional limits. I cannot agree that the stipulation and evidence "readily" or otherwise establish the "value of the thing originally sued for" to deprive the county court of jurisdiction. *See Tune*, 23 S.W.3d at 361. In my view, gross revenue or income in the context of this case does not equate to "value" for purposes of determining the amount in controversy. At a minimum, "value" in this context includes other factors, such as offsetting costs. *See Barlow*, 48 S.W.3d at 177 (Hecht, J., concurring) (discussing concept of "value" for purposes of determining amount in controversy). Thus, the Duncans' evidence—limited to gross rental

4

revenues or income—falls short. *See Miranda*, 133 S.W.3d at 227–28 (explaining that standard generally mirrors summary judgment when party challenges jurisdictional facts and that burden is on party challenging jurisdictional facts).

Most importantly, I respectfully disagree with the Court's conclusion that section 24.009 of the Texas Government Code permits aggregation of claims for purposes of establishing the amount in controversy to *defeat* a county court's jurisdiction. Subchapter A of chapter 24 of the Texas Government Code provides "General Provisions" pertaining to "District Courts." *See* Tex. Gov't Code §§ 24.001–.022. Within subchapter A, section 24.009 provides:

> If two or more persons originally and properly join in one suit, the suit for jurisdictional purposes is treated as if one party is suing for the aggregate amount of all their claims added together, excluding interest and costs. This section does not prevent jurisdiction from attaching on any other ground.

There is no maximum jurisdictional amount for district courts and, at the time section 24.009 was enacted, a district court's jurisdiction was restricted primarily by a minimum jurisdictional amount. *See Dubai Petroleum Co. v. Kazi*¸ 12 S.W.3d 71, 75 n.4 (Tex. 2000) (noting that section 24.009 "may be irrelevant to district courts, where there may no longer be a jurisdictional minimum"). Thus, section 24.009 could be used only to *establish* a district court's jurisdiction, not to *defeat* its jurisdiction. And the second sentence of section 24.009 further supports the view that the legislature did not intend the provision to defeat a court's jurisdiction. Here, in contrast, the Court holds that section 24.009 can be used to defeat jurisdiction, a conclusion to which I cannot agree.

Moreover, it is unclear whether section 24.009 even applies to the county courts of Comal County. In *Smith v. Clary Corp.*, the Texas Supreme Court "assume[d], without deciding, that the aggregating statute applies to county courts at law," noting that "[t]he court of

5

appeals concluded that this statute applies to county courts at law through section 25.2222(m) of the Government Code," a provision relating specifically to Tarrant County Courts at Law. 917 S.W.2d 796, 798 (Tex. 1996) (op. on reh'g) (per curiam). The court of appeals rested its decision on the language of section 25.222 that "practice and procedure . . . *are governed by the laws and rules pertaining to district courts*." *Clary Corp. v. Smith*, 886 S.W.2d 570, 574 (Tex. App.—Fort Worth 1994) (quoting Tex. Gov't Code § 25.2222(m)(2)), *rev'd*, 917 S.W.2d 796 (Tex. 1996). From this statutory provision, the court of appeals held that "it seems quite apparent that the legislature intended to apply general provisions, like the aggregating statute, to county courts at law." *Id.* But the corresponding statutory provision relating to the county courts of Comal County has no such similar language. *See* Tex. Gov't Code § 25.0481.[2]

---

[2] The Texas Supreme Court has noted in a footnote that section 24.009 "appl[ies] to statutory county courts, where suits clearly must allege a certain minimum value for the court to exercise jurisdiction unless by law the jurisdiction of the statutory county court has been made equivalent to the district court in civil cases." *Dubai Petroleum Co. v. Kazi¸* 12 S.W.3d 71, 75 n.4 (Tex. 2000) (citing *Smith v. Clary Corp.*, 917 S.W.2d 796, 798 (Tex. 1996) (op. on reh'g) (per curiam)). But this footnote is dicta, as the suit in *Kazi* was brought in district court. *See id.* at 74 (noting that plaintiff "brought this wrongful death suit in Harris County district court"); *see also VIA Metro. Transit Auth. v. Barraza*, No. 04-13-00035-CV, 2013 WL 6255761, at *1 n.2 (Tex. App.—San Antonio Dec. 4, 2013, pet. denied) (mem. op.) (recognizing that "the applicability of section 24.009 to the issue of a statutory county court's *maximum* jurisdictional amount is debatable" but applying it "*arguendo*" (citing *Kazi*, 12 S.W.3d at 75 n.4)). Moreover, the *Kazi* Court implied that the statute could be applied only to establish a county court's jurisdiction—not to defeat its jurisdiction—by parenthetically describing *Smith*'s holding as "that the statute applies to statutory county courts only 'to allow multiple plaintiffs to aggregate their claims to achieve the minimum jurisdictional amount for a court, not to defeat jurisdiction.'" *Kazi*, 12 S.W.3d at 75 n.4 (quoting *Smith*, 917 S.W.2d at 797).

As its primary authority, the Court relies on *Watson v. City of Southlake*, Nos. 02-18-00143-CV, 02-18-00151-CV, 2019 WL 4509047, at *9 (Tex. App.—Fort Worth, Sept. 19, 2019, pet. filed) (mem. op.). But our sister court in *Watson* relied solely on *Kazi*'s dicta to conclude that "claims are aggregated to determine the amount in controversy" without citing any authority or performing any statutory interpretation of section 24.009 that would support applying the provision to the justice court at issue in that case or to *defeat* rather than establish jurisdiction. *See id. Watson*, in my opinion, is unpersuasive here.

In short, to the extent that section 24.009 even applies to the county courts of Comal County, I would hold that section 24.009 can be used only to establish jurisdiction, not to defeat it. I therefore respectfully disagree with the Court's statutory interpretation of section 24.009.

For these reasons, I respectfully dissent.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Filed: December 20, 2019

7