# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00433-CV

---

**Magnolia Christian Church and Langston B. Williams, Jr., Appellants**

**v.**

**Rex Bowers, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-16-008185, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellants Magnolia Christian Church and the Reverend Langston B. Williams, Jr., challenge the county court's final judgment awarding Rex Bowers specific performance of three contracts for purchase of certain real estate in Austin. Because we conclude the county court lacked jurisdiction over this dispute, we reverse its final judgment and dismiss the case.

## BACKGROUND

In March of 2013, Bowers executed three contracts in which he agreed to purchase certain real property from the Church and Williams, its pastor. Under the terms of these contracts, Bowers agreed to purchase land and improvements at 3000 East 12th Street for $50,000.00, at 3002–3004 East 12th Street for $230,000.00, and at 3008 East 12th Street for $154,500.00. Each contract made the closing of the subject transaction contingent on the closing of the other transactions. After executing the contracts, Bowers became concerned about

possible title defects, which led to delays in closing. In July, more than three months after the agreed-upon closing date, Bowers finally tendered the sales price for each property and signed the closing documents, but neither the Church nor Williams executed those documents. Williams instead informed his real-estate agent that the Church and Williams "had decided not to sell" the properties and that the contracts "had been terminated."

Bowers sued the Church and Williams for breach of contract and fraud in Travis County Court at Law No. 2, seeking specific performance of the contracts and monetary relief of "over $200,000.00 but not more than $1,000,000." The Church and Williams both filed pleas to the jurisdiction, with each plea asserting that the amount in controversy exceeds the amount over which a Travis County court at law may exercise jurisdiction. *See* Tex. Gov't Code § 25.2292 ("[A] county court at law in Travis County has concurrent jurisdiction with the district court in civil cases in which the matter in controversy exceeds $500 but does not exceed $250,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition."). The county court overruled the pleas, and the case was ultimately tried to a jury, which found that the Church and Williams had breached the contracts but that Bowers had not. The county court, after denying the Church's and Williams's motions for judgment notwithstanding the verdict, awarded specific performance and $164,500.00 in attorney's fees to Bowers. The Church and Williams timely perfected this appeal.

## DISCUSSION

The Church and Williams raise four issues on appeal.[1] First, they argue that the county court erred by overruling the pleas to the jurisdiction. Second, they contend Bowers has no standing to bring his claims. Third, they argue the county court erred by denying the requests for judgment notwithstanding the verdict. And fourth, they contend the county court erred by granting specific performance because Bowers is "not eligible" to receive it. Because it is dispositive of this appeal, we will begin with jurisdiction.

The Church and Williams first contend the trial court erred by overruling the two pleas to the jurisdiction because the amount in controversy exceeds $250,000.00. The burden is on the plaintiff to plead or present evidence of facts that affirmatively demonstrate a trial court's jurisdiction. *See Heckman v. Williamson County*, 369 S.W.3d 137, 149–50 (Tex. 2012); *City of New Braunfels v. Carowest Land, Ltd.*, 549 S.W.3d 163, 169 (Tex. App.—Austin 2017, pet. filed). A plaintiff's allegation of the amount in controversy controls for jurisdictional purposes unless the party challenging jurisdiction can show that the plaintiff's allegation was fraudulent or can "readily" establish that the amount in controversy does not fall within the court's jurisdictional limits. *Rodney R. Elkins & Co. v. Immanivong*, 406 S.W.3d 777, 778–79 (Tex. App.—Dallas 2013, no pet.). When evaluating jurisdiction following final judgment, we view any relevant evidence in the light most favorable to the party asserting jurisdiction and draw all inferences in his favor. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). We review jurisdiction de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

---

[1] The Church and Williams have each filed an appellant's brief. Those briefs present materially identical arguments, which we will address together.

The Travis County courts at law have jurisdiction over "civil cases in which the matter in controversy exceeds $500 but does not exceed $250,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition." *See* Tex. Gov't Code § 25.2292. Here, Bowers seeks specific performance of three interrelated contracts for the sale of real property. Generally, when a suit is for an interest in real property, the value of the interest at issue determines the amount in controversy. *See United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 402 (Tex. 2007) ("[F]or purposes of determining the 'amount in controversy,' the question . . . is what the plaintiff seeks to recover."); *Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 361–62 (Tex. 2000) ("It has long been the law that the phrase 'amount in controversy,' in the jurisdictional context, means 'the sum of money or the value of the thing originally sued for . . . .'" (quoting *Gulf, C. & S.F. Ry. v. Cunnigan*, 67 S.W. 888, 890 (Tex. 1902))); *Prewett v. Canyon Lake Island Prop. Owners Ass'n*, No. 03-18-00665-CV, 2019 WL 6974993, at *3 (Tex. App.—Austin Dec. 20, 2019, no pet.) (mem. op.) (looking to aggregate rental value to determine amount in controversy where owners of short-term rentals sought declaratory judgment against homeowners' association); *Eris v. Giannakopoulos*, 369 S.W.3d 618, 619 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd) (holding, in suit for partition of property, that value of property to be partitioned determined amount in controversy). Bowers's petition does not state the value of the disputed real estate. But the fair market value of an interest in real estate is defined as "the price the property will bring when offered for sale by one who desires to sell, but is not obliged to sell, and is bought by one who desires to buy, but is under no necessity of buying." *See Exxon Corp. v. Middleton*, 613 S.W.2d 240, 246 (Tex. 1981). Williams appended the contracts and an affidavit to his plea to the jurisdiction. That evidence reflects a sales price of $230,000.00 for one of the properties and $50,000.00 and $154,500.00

4

for the others. Bowers did not deny that he agreed to pay a total of $434,500.00 for the real estate. Nor did he contend that the sales prices are not evidence of the value of the properties. Thus, the Church and Williams "readily" established that the amount in controversy exceeds $250,000.00, and the county court at law should have sustained the pleas to the jurisdiction.

Bowers's arguments to the contrary are not persuasive. He first contends that the appellants waived this issue by failing to present it to the county court. But the Church and Williams each squarely presented this issue to the county court in their respective pleas to the jurisdiction and, regardless, jurisdiction is never presumed and cannot be waived. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993).

Bowers further argues that jurisdiction is proper in the county court at law because he could have simply brought three separate actions—one on each contract—with each suit involving an amount in controversy within the jurisdictional limits. We disagree. The question is not what suit Bowers *might have brought*, but rather what suit he *chose to file*. In this case, each contract is contingent upon the execution of the others. Thus, by the terms of the very contracts he seeks to enforce, and given the undisputed evidence of the value of the properties, Bowers has chosen to bring a suit that places in controversy an amount that exceeds the jurisdictional limits of the county court at law. By so choosing, he deprived that court of jurisdiction over the controversy.

Bowers's other jurisdictional arguments consist almost entirely of assertions regarding whether his request for monetary relief from the alleged fraud exceeds the maximum amount in controversy. We need not reach those arguments because, as we have just explained, Bowers's request for specific performance alone involves an amount in controversy that exceeds

5

the statutory limit. *See Brite*, 215 S.W.3d at 402–03 (declining to determine value of request for "back pay" where value of requested "front pay" alone exceeded statutory maximum).

The only remaining question is whether Bowers should be afforded an opportunity to amend his pleadings. A court must afford the plaintiff an opportunity to amend his pleadings only if it is possible to cure the jurisdictional defect. *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Here, the pleadings and jurisdictional evidence affirmatively negate the county court at law's jurisdiction over this dispute. Accordingly, we need not afford Bowers an opportunity to amend. *See id*. We therefore sustain the Church's and Williams's first issue, do not reach the remaining issues, reverse final judgment, and dismiss this case. *See City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985) (per curiam) ("If the trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause.").

## CONCLUSION

Because we conclude the county court lacked jurisdiction over this dispute and that the jurisdictional defect is not curable, we reverse final judgment and render judgment dismissing the cause without reference to the merits of Bowers's claims.

_____
Edward Smith, Justice

Before Justices Goodwin, Kelly, and Smith
  Dissenting Opinion by Justice Goodwin

Reversed and Dismissed

Filed: September 3, 2020

6